THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEAL WADE FIFI SR., | CASE NO. C21-0380-JCC |
| Plaintiff, | MINUS ORDER |
| v. | |
| AMY FIELDS, *et al.*, | |
| Defendants. | |

Correcting the table:

| | |
|---|---|
| NEAL WADE FIFI SR., | CASE NO. C21-0380-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| AMY FIELDS, *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On March 22, 2021, Magistrate Judge Brian Tsuchida granted Plaintiff's motion to proceed *in forma pauperis* and recommended the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 4.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. Federal Rule of Civil Procedure 8 provides that in order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). At a minimum, a

complaint must put defendants on notice of what wrongs they committed against the plaintiff. *See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). The Court liberally construes a *pro se* complaint. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Even liberally construing Plaintiff's complaint, the Court cannot find that it states a claim upon which relief can be granted. Plaintiff names Amy Fields and Seattle Public Schools as Defendants. (Dkt. No. 5 at 4.) He alleges that Amy Fields was found guilty of racial discrimination by an investigator and he seeks damages for pain, suffering, and stress, which led to a diagnosis of PTSD and the need for counseling and medical treatment. (Id. at 5.) While Plaintiff's complaint alleges that the Court has federal question jurisdiction, the complaint does not identify the federal statutory or constitutional provisions that Plaintiff claims were violated or provide any factual allegations regarding the alleged discrimination. Plaintiff must state what his legal theory is and allege facts demonstrating that such theory plausibly entitles him to relief.

Although the Court finds the complaint fails to state a claim upon which relief can be granted, it will not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defect." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, the Court ORDERS that Plaintiff shall file an amended complaint curing the above-identified deficiencies no later than twenty-one (21) days from the date of this order.

In his amended complaint, Plaintiff must clearly identify the Defendant(s), the constitutional or federal statutory basis for the claim(s) asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested. Plaintiff is advised that an

1 amended complaint operates as a complete substitute for an original complaint. *See Ferdik v.*

2 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If no amended complaint is timely filed or if

3 Plaintiff files an amended complaint that fails to correct the deficiencies identified above, the

4 Court may dismiss Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a

5 claim upon which relief may be granted.

6       DATED this 24th day of March 2021.

                  William M. McCool
                  Clerk of Court

                  s/Paula McNabb
                  Deputy Clerk